UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:19-CR-19 D

UNITED STATES OF AMERICA )
)
v. )          **INDICTMENT**
)
TOBY PAINTER )

The Grand Jury charges that:

## Count One

On or about January 13, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, TOBY PAINTER, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Count Two

On or about January 15, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, TOBY PAINTER, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The visual depiction was

transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Count Three

On or about January 19, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, TOBY PAINTER, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. These visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Count Four

On or about January 19, 2018, at a time separate and apart from the conduct constituting Count Three of this indictment, in the Eastern District of North Carolina, and elsewhere, the defendant, TOBY PAINTER, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. These visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Count Five

Beginning in or around December 2017, and continuing through on or about January 20, 2018, in the Eastern District of North Carolina, and elsewhere, the

defendant, TOBY PAINTER, did knowingly use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person can be charged under North Carolina state law, that is, second degree sexual exploitation of a child (N.C.G.S. § 14-190.17), and under federal law, that is, production of child pornography (18 U.S.C. § 2251(a)); in violation of Title 18, United States Code, Section 2422(b).


[Remainder of page intentionally left blank]

## FORFEITURE NOTICE

The defendant is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offenses set forth in Counts One through Five above, TOBY PAINTER, the defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

1. any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense(s);

2. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

3. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

Upon conviction of the offense set forth in Count Five above, TOBY PAINTER, the defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428:

1. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense; and

2. any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 10|9|19

ROBERT J. HIGDON, JR.
United States Attorney

By: _____
JAKE D. PUGH
Assistant United States Attorney
Criminal Division