```
 1                  UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF NORTH CAROLINA

 3

    UNITED STATES OF AMERICA,    )
 4                               )
              Plaintiff,         )    DOCKET NO. 2:19-cr-00019-D-1
 5                               )
         VS.                     )
 6                               )
    TOBY PAINTER,                )
 7                               )
              Defendant.         )
 8                               )
    _____ )
 9
                   TRANSCRIPT OF INITIAL APPEARANCE
10               BEFORE THE HONORABLE JAMES E. GATES
                TUESDAY, DECEMBER 31, 2019; 10:49 A.M.
11                     RALEIGH, NORTH CAROLINA

12  FOR THE PLAINTIFF:
         United States Attorney's Office
13       By:  Lori Warlick, AUSA
         150 Fayetteville Street, Suite 2100
14       Raleigh, NC  27601

15  FOR THE DEFENDANT:
         Office of Federal Public Defender
16       By:  Joseph H. Craven, AFPD
         150 Fayetteville St., Suite 450
17       Raleigh, NC  27601

18

19  Audio Operator:               COURT PERSONNEL

20
         Proceedings recorded by electronic sound recording,
21  transcript produced by transcription service.
    _____

22
                      JANICE RUSSELL TRANSCRIPTS
23                       1418 Red Fox Circle
                         Severance, CO  80550
24                         (757) 422-9089
                       trussell31@tdsmail.com
25
```

```
1                    P R O C E E D I N G S
2         (Call to Order of the Court)
3              THE COURT:  Good morning, folks.
4              MR. CRAVEN:  Morning.
5              MS. WARLICK:  Morning, your Honor.
6              THE COURT:  We're here this morning for initial
7   appearance in the case of the United States versus Toby
8   Painter.
9              Mr. Painter, sir, this is your initial appearance in
10  the United States District Court for the Eastern District of
11  North Carolina.  We're not here this morning, of course, to
12  determine whether you are guilty or not guilty on the charges
13  that have been brought against you.  That's an issue for the
14  future.  Rather, the purpose of this proceeding is to formally
15  advise you of the charges against you, the maximum penalties
16  associated with those charges, as well as to advise you of
17  important rights that you have under the Constitution and laws
18  of the United States.
19             The first right I want to advise you of is your right
20  to counsel, that is, your right to have an attorney or a lawyer
21  to represent you.  All of those terms, "attorney," "lawyer,"
22  "counsel," mean the same thing and refer to a person's legal
23  representative.  You're entitled under the Constitution to be
24  represented by an attorney at all stages of the proceedings,
25  including during any questioning by the authorities, at this
```

3

initial appearance, and at all other proceedings.  If you're unable to afford counsel, then counsel will be appointed for you.

            Sir, would you like me to appoint counsel to represent you?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  Very good, sir.

            I have reviewed the financial affidavit that you submitted for purposes of appointment of counsel.  I find that you are entitled to appointment of counsel and I'm entering an order in your case appointing the Federal Public Defender's Office to represent you.  Mr. Joseph Craven is a lawyer from that office seated with you for today.  So he will be your lawyer for today.  His office may appoint one of his colleagues to represent you in further proceedings in your case.  That's a normal process in our court and should not be a cause of any concern.

            But you're certainly in good hands with Mr. Craven.  I say that because his office -- and that'll be true of any of his colleagues -- that office is much like a law firm that the Court has established in accordance with law for the very purpose of representing defendants in criminal cases in our court.  The Court oversees its operations to ensure that it provides quality service to its clients, which it does.

            So as we go along here, Mr. Painter, if you have any

1 questions about what we're covering and need to speak with
2 Mr. Craven, I certainly want you to feel free to do so.
3        Just one moment, folks.
4    (Pause)
5        THE COURT: Very well.
6        Mr. Craven, does Mr. Painter have a copy of the
7 indictment in this case?
8        MR. CRAVEN: Yes, your Honor. He does.
9        THE COURT: Very good.
10        Madam Clerk.
11        Mr. Painter, sir, there are different ways of bringing
12 criminal charges against a person in the federal court system
13 and you have been charged by way of indictment. And let me add
14 at the outset here, I am aware that you had a proceeding much
15 like this in the Eastern District of Virginia. But since you
16 have been charged in our District, it's our court's custom to
17 have an initial appearance in our court as well.
18        The manner by which you've been charged, though, is an
19 indictment. And let me explain what an indictment is. An
20 indictment is a charging document and by that I mean, a set of
21 accusations of criminal conduct that is issued by a grand jury.
22 The grand jury is a group of between 16 and 23 people who are
23 drawn randomly from the public. The prosecutor, that is, an
24 Assistant United States Attorney, presents charges to the grand
25 jury, along with supporting evidence. The grand jury's job is

```
 1  to make two determinations, that is, the grand jury must decide
 2  two things.  One, it must decide whether there is probable
 3  cause to believe that the crimes alleged were committed and
 4  then secondly, it must decide whether there is probable cause
 5  to believe that the defendant committed those crimes.
 6  "Probable cause" here means fair probability.
 7           If there are at least 12 grand jurors who agree with
 8  the Government on those two issues, then the grand jury will
 9  issue or return what is called A True Bill of Indictment, or
10  simply indictment for short.  And in this context it's the
11  return of that indictment that begins the, the proceeding, that
12  is, the prosecution again a defendant and that's what, as I
13  say, that's what happened in this case.
14           So to put it another way, there were at least 12 grand
15  jurors on the grand jury that heard your case that did find
16  probable cause on those two issues and hence, that grand jury
17  returned an indictment beginning this prosecution.  It is
18  important to understand that when a grand jury hears a case it
19  is entirely free to disagree with the Government.  The, the
20  grand jury is not part of the prosecution.  It's an independent
21  body.
22           So if there are not at least 12 grand jurors who do
23  agree with the Government on these two issues, then no
24  indictment would be returned and the prosecution would not go
25  forward.  And, in fact, the grand jury has the authority to
```

1    tell the Government, "Look, you can't prosecute this person now
2    because you haven't shown that there's enough of a reason, that
3    is, probable cause, to believe that he's committed the crimes
4    that you are claiming that he committed."  The fact that the
5    grand jury has this authority to say no to the Government is,
6    it gets to one of its core functions and that is to help
7    protect against the Government just going out and putting
8    people through prosecutions for serious criminal offenses when
9    there simply is not an adequate basis to believe that they've
10   committed them.  So -- and that is one of the main reasons why
11   your case and cases like it are required by the Constitution to
12   go through this process to help ensure that a prosecution such
13   as this just isn't an arbitrary one without an adequate
14   foundation in the facts.  Okay.
15          Turning now to the specifics of this indictment, sir,
16   it's a five-count indictment, meaning that five separate crimes
17   are charged against you.  There is also a forfeiture notice
18   included with the indictment.
19          The first four counts allege production of child
20   pornography.  Count 1 charges that on or about January 13th of
21   2018 in this District, and elsewhere, you did knowingly employ,
22   use, persuade, induce, entice, and coerce a minor to engage in
23   sexually explicit conduct for the purpose of producing a visual
24   depiction of such conduct.  The visual depiction was
25   transported and transmitted using any means and facilitative of

1  interstate and foreign commerce, this in violation of Title 18
2  of the United States Code, Sections 2251(a) and 3.
3        Count 2 alleges the same offense, in this instance
4  occurring on or about January 15 of 2018, again in this
5  District, and elsewhere.
6        And then Count 3 also alleging production of child
7  pornography. In this instance, the alleged offense date is on
8  or about January 19 of 2018.
9        And then Count 4, again alleging the same offense,
10 the, the offense date is the same as that in Count 3, that is,
11 on or about January 19th of 2018, but at a time separate and
12 apart from the conduct constituting Count 3.
13       Again, the same statutes allegedly you violated in
14 each of these counts, that is, Title 18 of the United States
15 Code, Section 2251(a) and (e).
16       Okay. That's the first four counts. And then Count 5
17 is a different offense. It charges enticement of a minor and
18 the allegation here, sir, is that beginning in or around
19 December of 2017, and continuing through on or about January 20
20 of 2018, in this District, and elsewhere, you did knowingly use
21 any facility and means of interstate and foreign commerce to
22 persuade, induce, entice, and coerce any individual who had not
23 attained the age of 18 years to engage in any sexual activity
24 for which any person can be charged under North Carolina state
25 law, that is, second degree sexual exploitation of a child, and

```
 1  under federal law, that is, production of child pornography,
 2  this in violation of Title 18 of the United States Code,
 3  Section 2422(b).
 4          I'll note that as the indictment states, the violation
 5  of North Carolina law that I referenced, second degree sexual
 6  exploitation of a child, would be in violation of North
 7  Carolina General Statutes Section 14-190.17 and then the
 8  production of child pornography would be in violation of 18
 9  U.S.C. § 2251(a).
10          Okay, Mr. Painter.  That takes care of the five counts
11  against you.  That brings us to this forfeiture notice.  The
12  forfeiture notice advises you that upon conviction of one or
13  more of the offenses set out in Counts 1 through 5 the
14  Government seeks forfeiture of any visual depiction or book,
15  magazine, periodical, film, videotape, or other matter which
16  contains any such visual depiction which was produced,
17  transported, mailed, shipped, or received in violation of the
18  offense, as well as any property, real or personal,
19  constituting or traceable to gross profits or other proceeds
20  obtained from the offense and any property, real or personal,
21  used or intended to be used to commit or to promote the
22  commission of such offense or any property traceable to that
23  property.
24          And then it also states that, again with respect to
25  Count 5, the Government seeks forfeiture of any property, real
```

1  or personal, that was used or intended to be used to commit or
2  to facilitate the commission of the offense, as well as any
3  property, real or personal, constituting or derived from any
4  proceeds obtained directly or indirectly as a result of the
5  offense.  If any of the forfeitable property cannot be obtained
6  as a result of any act or omission on your part, the
7  Government's advising you, sir, that it seeks substitute
8  property up to the value of the forfeitable property.

9  Now in a moment I'm going to ask the prosecutor,
10 Mr. Painter, to advise you of the maximum penalties you face on
11 these charges.  I imagine you've heard this explanation before
12 of this terminology that I'm going to explain to you now, but I
13 want to make sure on the record here that I do explain it to
14 you and that you do understand.

15 One term you'll hear referenced is supervised release.
16 Supervised release refers to a period of supervision of a
17 defendant by the United States Probation Office that comes
18 after any term of imprisonment.  It's much like probation in
19 that the defendant is free in the community subject to certain
20 conditions that the Court sets, but unlike probation supervised
21 release comes after imprisonment.  It doesn't take the place of
22 imprisonment as probation typically does.  As you will hear,
23 the law sets a maximum on the term of supervised release that
24 can be imposed with respect to any particular offense and these
25 offenses, I believe, I believe they carry a minimum term of

1  supervised release as well.

2         You will also hear reference made to revocation of
3  supervised release.  That refers to the circumstance in which
4  there's sufficient violations of the conditions of release that
5  the Court revokes it and returns the defendant to prison.  In
6  that circumstance, the law places a maximum on the term of
7  imprisonment that may be imposed.

8         You'll hear two dollar figures used.  One is, is
9  called a special assessment.  It's a hundred dollars.  It's in
10 the nature of a fee and that applies to any felony offense of
11 which a person is convicted in the federal system.  A felony
12 offense is a crime punishable by a term of imprisonment
13 exceeding one year.  The other dollar figure is the maximum
14 fine.  That's a much larger number.  It's not in the nature of
15 a fee.  It's in the nature of punishment.  But again, it is a
16 maximum.

17        Okay.  With that introduction, let me then turn to
18 the, you, Ms. Warlick.  Could you please advise Mr. Painter of
19 the penalties he faces on these charges?

20        MS. WARLICK:  Thank you, your Honor.

21        THE COURT:  Thank you, ma'am.

22        MS. WARLICK:  If convicted of Counts 1 through 4,
23 production of child pornography, you face at least 15 years
24 imprisonment, but a maximum of 30 years imprisonment, a fine
25 not to exceed $250,000, or both fine and imprisonment, not less

1  than 5 years and up to life, a life term of supervised release
2  upon release from prison, upon revocation of supervised
3  release, not less than 5 years and up to life imprisonment,
4  restitution if ordered, and $100 special assessment.
5       If it's revealed that the defendant has a prior
6  conviction, relevant conviction related to sex offenses, you
7  would, instead, face not less than 25 years imprisonment, but
8  not more than 50 years, a fine not to exceed $250,000, or both
9  fine and imprisonment, not less than 5 years and up to a life
10 term of supervised release, upon revocation of supervised
11 release not less than 5 years and up to life imprisonment,
12 restitution if ordered, and a $100 special assessment.
13      THE COURT: Let me interject, if I could.
14      And that's, Mr. Painter, those are the penalties with
15 respect to each of these counts, 1 through 4. So it's not an
16 aggregate for them together. It's respected, with respect to
17 each of them separately.
18      MS. WARLICK: Thank you, your Honor.
19      THE COURT: Ms. Warlick.
20      MS. WARLICK: It's if convicted of any of the Counts 1
21 through 4.
22      And as to Count 5, enticement of a minor, you face not
23 less than ten years, but not more than life imprisonment, a
24 fine not to exceed $250,000, or both fine and imprisonment, not
25 less than five years and up to life, a life term of supervised

1  release, upon revocation of supervised release you face not
2  less than five years and up to life imprisonment, restitution
3  if ordered, and a $100 special assessment.
4         And, your Honor, the Government does seek detention in
5  this matter.
6         THE COURT: Okay, very well. Thank you, ma'am.
7         Let me turn then to this issue of detention,
8  Mr. Painter.
9         Now as you heard, the Government is requesting
10 detention. What that means is the Government is asking that
11 you be detained, that is, held in custody, pending further
12 proceedings in your case and by "further proceedings in your
13 case," I mean either up to an actual trial or entry of a guilty
14 plea in place of a trial.
15        Now you are entitled to a hearing on this request by
16 the Government. That hearing is called a detention hearing.
17 The principal question at the detention hearing will be whether
18 there is any condition or combination of conditions authorized
19 by law that would reasonably assure your appearance as
20 required, that is, reasonably assure that you show up in court
21 when you're required to do so, as well as the safety of any
22 other person in the, in the community pending further
23 proceedings in your case.
24        The conditions I'm speaking of here are such things as
25 having to report to a probation officer, drug testing, having a

```
 1  third-party custodian.  It's typically a family member.  It
 2  could also be a close friend who would provide supervision and
 3  guidance, but would also have the legal, legal duty to report
 4  violations.  There can be location monitoring, typically
 5  involving having an ankle bracelet and the location which is
 6  monitored electronically, but there can be other forms of it as
 7  well.  There can be confinement to one's home or the
 8  custodian's home either on a curfew basis, that is, having to
 9  be there during a particular period of the day, all the way up
10  to home incarceration, having to be in that home all day every
11  day, except for compelling reasons such as medical emergencies,
12  court dates, attorney visits, things such as that.  There can
13  be any number of other conditions the Court can impose that are
14  appropriate to the facts of a particular case.
15          Now at the detention hearing, sir, you have the right
16  to be represented by counsel.
17          In addition, you may testify, if you choose to, but
18  you would not have to testify.
19          You may present witnesses.
20          You may also cross-examine, that is, ask questions of
21  witnesses who appear at the hearing.
22          And you can present information by means other than
23  through hearing, other than through witnesses, that is, to
24  describing to the Court evidence that you would like it to
25  consider.
```

1      Now you do have the right to waive or give up this
2 detention hearing.  If you were to do so, there would not be a
3 hearing and you would remain in custody pending further
4 proceedings in your case.  The decision to waive a detention
5 hearing is, obviously, a very significant one because it
6 affects directly your personal liberty.  So it's a decision
7 that should be made only after conferring carefully with your
8 counsel.

9      The waiver of a detention hearing can be made in two
10 ways.  One would involve coming back to court, signing a
11 relatively short form, and then the Court would ask you
12 questions to make sure that the waiver was knowing and
13 voluntary.  On the other hand, if you prefer not to come back
14 to court, a somewhat longer form can be completed and if that's
15 filed by the applicable deadline, then the detention hearing
16 would be cancelled without your having to come back to court.
17 The decision whether to waive and if you decide to waive, how
18 to waive, are your decisions, but they should be made in
19 consultation with your lawyer.

20      Sir, I'm going to schedule your detention hearing for
21 Wednesday, January 8th, at 10:30 a.m. in this courtroom.

22      And let me advise you, sir, the law does require that
23 for any defendant in any case until this detention hearing is
24 held that person must be kept in custody.  So at the end of our
25 proceeding here, as the law requires, sir, the Court will be

1  remanding you to the custody of the United States Marshal.

2  Let me now advise you of additional rights that you
3  have under the Constitution and laws of the United States.  I
4  told you much about your right to counsel, that is, that you
5  enjoy under the Constitution and laws of the United States, and
6  that includes the right to be represented by counsel at any
7  lineup and, as I mentioned, at all court proceedings as well,
8  including this initial appearance.

9  In addition, sir, you have the right to remain silent,
10 that is, nobody can require you to answer any questions or make
11 any statements about the charges facing you.  If you have
12 already made a statement about the charges, you do not need to
13 say any more.  If you start to make a statement, you may stop
14 at any time.  This right to remain silent can be waived and if
15 you do waive the right to remain silent, then anything you say
16 may be used against you.

17 I have no information about your citizenship, sir.  So
18 let me advise you out of an abundance of caution that a
19 defendant who is not a United States citizen may request that
20 an attorney for the Government or a federal law enforcement
21 official notify a consular officer from the defendant's country
22 of nationality that the defendant has been arrested.  Even
23 without the defendant's request, a treaty or other
24 international agreement may require consular notification.

25 Now at a later date, sir, you will be asked to plead

1  guilty or not guilty to the charges in the indictment.  If you
2  plead guilty, then there will not be a trial.  You will be
3  admitting that you committed the, the crimes charged.  On the
4  other hand, if you plead not guilty, then there will be a
5  trial.
6         At trial, you have several important rights.  You have
7  the right to counsel and to have one appointed if you cannot
8  afford one.
9         You will be presumed innocent.  There will be no
10 burden on you to prove anything.  The Government must prove you
11 guilty beyond a reasonable doubt.
12        In addition, the Government must bring its witnesses
13 to court.  You or your attorney are allowed to cross-examine
14 these witnesses, that is, to ask them questions.  This right
15 stems from your right to confront witnesses against you.
16        At trial, of course, you've also got the right to
17 present evidence on your own behalf and that includes the right
18 to subpoena witnesses, that is, the right to have the Court
19 issue orders called subpoenas directing witnesses to come to
20 trial so that they may testify for you.
21        You, yourself, have a choice of whether to testify or
22 not to testify.  This right derives from your right to remain
23 silent.  No adverse inference, that is, no suggestion that you
24 are guilty, may be drawn from a decision by you not to testify
25 and the judge will so instruct the jury.

1         And, of course, sir, you have the right to trial by a
2    jury.
3         And I -- let me note just for the record that I did
4    review the materials that we received from the Eastern District
5    of Virginia where, again, Mr. Painter had an initial
6    appearance.  That was the District of his arrest and he did, in
7    fact, reserve all of his rights to proceedings in this Court,
8    including his right to a detention hearing, and that's why that
9    we have proceeded as we have with respect to that issue.  Okay.
10        Mr. Painter, sir, I've covered everything I needed to
11   cover with you this morning, but I want to check back to make
12   sure that you've heard and understood everything.
13        So my first question to you, sir, is have you, in
14   fact, heard everything we've gone over here today?
15        THE DEFENDANT:  Yes, sir.
16        THE COURT:  Very good, sir.  And do you believe that
17   you've understood everything?
18        THE DEFENDANT:  Yes, sir.
19        THE COURT:  Very good, sir.
20        Any questions, Mr. Painter, about what we've covered?
21        THE DEFENDANT:  No, sir.
22        THE COURT:  Okay, very good.  Thank you, sir.
23        Mr. Craven, anything further on behalf of Mr. Painter
24   for this morning?
25        MR. CRAVEN:  I don't think so, your Honor.

1          THE COURT:  Okay.
2          MR. CRAVEN:  Thank you.
3          THE COURT:  Thank you, Mr. Craven.
4          Ms. Warlick, ma'am, anything further for the
5    Government in this case at this time?
6          MS. WARLICK:  No, your Honor.
7          THE COURT:  Very well.  Thank you.
8          In that event, I remand Mr. Painter to the custody of
9    the United States Marshal.
10         And the Court will be in recess.
11         COURT SECURITY OFFICER:  All rise.  This Court will be
12   in recess.
13      (Proceedings concluded at 11:10 a.m.)

1    CERTIFICATE OF TRANSCRIBER

2          I, Janice Russell, court-approved transcriber, in and
3    for the United States District Court for the Eastern District
4    of North Carolina, do hereby certify that pursuant to Section
5    753, Title 28, United States Code, that the foregoing is a true
6    and correct transcript from the official electronic sound
7    recording of the proceedings held in the above-entitled matter
8    and that the transcript page format is in conformance with the
9    regulations of the Judicial Conference of the United States.
10
11                    Dated this 8th day of February, 2021.
12
13                    /s/ *JANICE RUSSELL*
                      JANICE RUSSELL
14                    COURT-APPROVED TRANSCRIBER