UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

_____
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                                  )   2:19-CR-19-1D
          vs.                     )
                                  )
TOBY PAINTER,                     )
            Defendant.            )
_____ )


JULY 29, 2020
ARRAIGNMENT HEARING
BEFORE THE HONORABLE ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

On Behalf of the Government:

JAKE PUGH, ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601


On Behalf of the Defendant:

KATHERINE SHEA, FEDERAL PUBLIC DEFENDER
Federal Public Defender's Office
150 Fayetteville Street, Suite 450
Raleigh, North Carolina  27601




AMY M. CONDON, CRR, RPR, CSR
Official Court Reporter
United States District Court
Raleigh, North Carolina
Stenotype with computer-aided transcription

```
 1          (Wednesday, July 29, 2020, commencing at 1:46 p.m.)
 2                        P R O C E E D I N G S
 3          THE COURT:  Good morning, everyone.
 4          I'm United States Magistrate Judge Robert Numbers
 5  here in the United States District Court for the Eastern
 6  District of North Carolina sitting in Raleigh for felony
 7  arraignments.
 8          I'd like to begin by asking our clerk to please
 9  place our interpreters under oath.
10      (The interpreters were affirmed.)
11          THE COURT:  In a moment the Court will call the
12  calendar to determine if the defendants and their attorneys
13  are present.
14          Each attorney should identify him or herself and
15  state whether their client is present in the courtroom.  If a
16  defendant does not have an attorney or if your attorney is not
17  present, you should answer when your name is called.
18          After the Court calls the calendar, the defendants
19  and their attorneys shall remain in the courtroom so that the
20  Court may explain to each defendant their right to a jury
21  trial and the consequences of pleading guilty.
22          After the Court completes this explanation, the
23  Court will call each case individually and determine the plea
24  the defendant wishes to enter.
25          During that process, the defendant will be placed
```

1  under oath and questioned individually before the Court

2  accepts any plea that they enter.

3       The defendant will be asked if he or she understands

4  their rights under the Constitution and laws of the United

5  States; and if the defendant does not, the Court will explain

6  those rights again.

7       The defendant may confer with their attorney before

8  answering any of the Court's questions.

9       Additionally, when each defendant's case is called,

10  the attorney for the Government assigned to handle the case

11  shall state whether the case involves a crime victim and

12  whether any crime victim is present or wishes to be heard.

13       At this time the Court would ask the clerk to call

14  the calendar please.

15  (Calendar call.)

16       THE COURT:  All right.  At this time I'm going to

17  proceed to provide a general advice of rights to each of the

18  defendants.

19       All of the defendants who are present in the

20  courtroom should pay close attention to what I'm about to say

21  because you will be called upon to make decisions in your case

22  based upon what I am about to tell you.

23       I now advise each defendant as follows:  If you are

24  accused of a felony, you have the constitutional right to be

25  charged by an indictment by a grand jury.  Unless you waive

indictment, you may not be charged in Federal Court with a felony offense.

To be indicted by a grand jury, the grand jury must find that there is probable cause to believe that you committed the charged crime.

The grand jury consists of 16 to 23 people and at least 12 grand jurors must agree that there is probable cause to believe that you have committed a crime before you may be indicted.

However, you may waive the right to a grand jury indictment and you may consent to being charged by information filed by the United States Attorney. If you do not waive indictment, the Government may present the case to the grand jury and ask the grand jury to indict you. The grand jury may or may not do so.

If you waive grand jury indictment, the case will proceed against you based on the United States Attorney's information just as though you had been indicted.

In addition to the right to be charged by indictment, the Constitution and laws of the United States give you the right to plead not guilty and to have a jury trial with respect to all the charges against you.

In that regard, you should consider the following:

First, at a jury trial you will be presumed innocent. The Government will be required to prove your guilt

beyond a reasonable doubt using competent evidence. You would not have to prove that you are innocent;

Second, at a trial, witnesses for the Government will have to come to court and testify in your presence. Your lawyer could cross-examine those witnesses, object to evidence offered by the Government, and offer evidence on your behalf;

Third, at trial you would have the right to present evidence and to use the subpoena power of the Court to make witnesses appear and testify whether they wanted to do so or not;

Fourth, at trial you would have the right to testify if you choose to do so. You also have the right not to testify. And if you choose not to testify, the Court would expressly tell the jury that no inference or suggestion of guilt could be drawn from your failure to testify.

Fifth, you have the right to be represented by an attorney at trial and every other stage of your criminal proceeding. If you are unable to afford an attorney, you also have the right to have the Court appoint one for you. Whether you plead guilty or not guilty has no effect on your right to be represented by an attorney. In other words, if you want to have a lawyer represent you in this court, you will have one.

If you plead guilty, you will waive your right to a jury trial and these other rights. Instead of a trial, you'll be adjudged guilty and you'll be sentenced on the basis of

your guilty plea after the Court considers the factors listed in Title 18 of the United States Code, Section 3553(a), considers any departure or variance motions, and considers the now-advisory Federal Sentencing Guidelines.

If you have reached a plea agreement with the Government, the Court is obligated to examine carefully any such plea agreement to be sure that the agreement conforms with the objectives of sentencing, including imposing a sentence within the parameters of your statute of conviction that is appropriate to the seriousness of your actual offense behavior and your past criminal conduct.

The Court will evaluate that behavior and conduct only after it receives a detailed presentence report from the Probation Office.

If you have reached a plea agreement with the Government, you also should realize the Court is not a party to that plea agreement. A plea agreement is negotiated solely between you, your lawyer, and the lawyer for the Government.

You are advised that any stipulations contained in your plea agreement are not binding on the Court. Rather, the Court will make an independent determination as to your sentence after applying all of the sentencing factors to your case and considering all arguments of counsel, your statement, the advisory guideline range, and any departure or variance motions.

A plea of guilty has the following additional consequences:

First you will have to waive your right not to incriminate yourself because the Court will ask you about what you did in order to be sure that you are guilty as charged and you'll have to admit your guilt in open court;

Second, the Court may impose the same punishment on you as if you had pleaded not guilty and had been convicted by a jury;

Third, if you're on probation or parole in another case, in this or another court, by pleading guilty here your probation or parole in that other case may be revoked and you may be required to serve time in that other case in addition to any sentence imposed as a result of your guilty plea here;

Fourth, in addition to any sentence imposed, your plea of guilty to a felony may deprive of you valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

Moreover, if you're not a United States citizen and you are convicted in Federal Court, you may be removed from the United States, denied citizenship, and denied future admission to the United States.

Furthermore, if you're ordered imprisoned due to your felony conviction, any deportation will take place after

1  your term of imprisonment ends.

2          Additionally, unless otherwise advised, each

3  defendant will be assessed a per-count sum not less than $100

4  and any fine imposed will bear interest.

5          Fifth, in some cases obligation in addition to a

6  sentence of imprisonment and a fine may be imposed.  For

7  example, you may be ordered to make restitution in the form of

8  money to any victims of your offense.  Likewise, you may be

9  required to forfeit certain property to the Government.  That

10 will be noted in a forfeiture notice attached to your

11 indictment or information.

12         In the case of offenses involving fraud, you may be

13 ordered to provide notice of your conviction to the victims of

14 your offenses.

15         Additionally, in most cases, a defendant will be

16 given a term of supervised release in addition to a term of

17 imprisonment.  The term of supervised release follows your

18 term of imprisonment.  Your release will be conditioned on

19 your non-commission of another federal, state, or local crime

20 and other such conditions as the Court imposes.

21         If you violate your conditions of release, you may

22 be subject to more time in prison.

23         Cases in which guilty pleas are tendered and

24 accepted today are set for sentencing here in Raleigh on

25 November 2nd, 2020.

1      Regardless of the advisory guideline range
2 ultimately found appropriate to your case, you may not
3 withdraw a guilty plea that is tendered by you and accepted by
4 the Court today.

5      Between now and the sentencing date, the Probation
6 Office will prepare a detailed written presentence report.  It
7 is important that the presentence report be complete and
8 accurate.  The presentence report will be an important tool to
9 aid the Court in determining your sentence.

10      You and your lawyer may provide information for the
11 presentence report; you and your lawyer will also receive a
12 copy of the presentence report, and you will have an
13 opportunity to make timely comments on it.  You should examine
14 the presentence report carefully.

15      Within 15 days after receiving the presentence
16 report, you and your lawyer must communicate in writing to the
17 Probation Office objections you have to any information
18 contained in or omitted from the report.  The Court will not
19 consider any dispute which has not been the subject of a
20 written communication.

21      Furthermore, the Court will consider and resolve
22 only issues relevant to the disputed sentencing factors
23 previously stated in writing and additionally bought to its
24 attention by you or your attorney at your sentencing hearing.

25      At sentencing each defendant should advise the Court

orally if you have any objection to any matter contained in or omitted from your presentence report that your attorney has failed to raise.  Any contentions that you don't state or that your lawyer does not state will be deemed abandoned.

Your failure to challenge the validity of any prior convictions before imposition of your sentence will bar your contesting those convictions at a later date.  In short, if you do not contest the facts set forth in the presentence report, the Court may accept those facts, including any prior convictions, as correct and may rely on them in determining your sentence.

You or your lawyer on your behalf may submit written memoranda, motions or other materials such as character letters before your sentencing hearing.  The Government may as well.  Either party must submit any such materials to the Court in Raleigh at least seven days before their sentencing date.

After you are sentenced, the Government is limited in most instances to one year within which to move for a reduction of your sentence pursuant to Rule 35(b) by reason of assistance you render to the Government.  The Government is not required to return to Court with a Rule 35(b) motion to seek a reduction, and it is completely within the Government's discretion whether to do so.

If the Government decides not to make a Rule 35(b)

motion on your behalf, you're entitled to relief from the Court in very few exceptional circumstances. At sentencing you should advise the Court whether the Government has made any representations to you or your attorney that your future cooperation may result in a Rule 35(b) motion.

If the Government does not make a Rule 35(b) motion to seek a reduction in your sentence, the making of such a motion will not extend, toll, or modify the one year time for your filing a post-conviction sentence 2255 motion to vacate, set aside, or correct your sentence.

Furthermore, the United States Attorney cannot promise you that the Court will grant a Rule 35(b) motion, nor can the United States Attorney promise you that law enforcement officers will either accept or act on your offers of cooperation.

If you are convicted, whether by a jury or as a result of a guilty plea, you can appeal your conviction if you believe that it was somehow unlawful or if there's some other fundamental defect in the proceeding that you did not waive by your guilty plea.

You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.

However, you may agree to waive certain appeal rights both as to your conviction and sentence in your plea

agreement.  The Court will go over any such appeal waivers with you prior to you entering a plea.

Those appeal waivers are generally enforceable; but if you believe the waiver is unenforceable or inapplicable, you can present that theory to the Appellate Court.

With few exceptions, any Notice of Appeal must be filed within 14 days of the judgment being entered in your case.

If you're unable to pay the cost of an appeal, you may ask the Court to waive those costs.  If you so request, the Clerk of Court will prepare and file a Notice of Appeal on your behalf.

At this time I'm going to ask all of the defendants as a group certain questions.  Please listen carefully to my questions because your answers will constitute a part of the record of your plea.

If you wish to answer any question that I ask with a "yes" please raise your hand and address the Court orally.

Counsel are admonished to take note of their client's responses to my questions.

As to any defendant pleading guilty to a charge contained in a criminal information, is there any such defendant who has not discussed the matter of waiving his or her right to indictment by the grand jury with his attorney?

(No hands raised.)

1          THE COURT:  No hands have been raised.

2          Is there any defendant who does not understand his

3 or her right to indictment by a grand jury?

4      (No hands raised.)

5          THE COURT:  No hands have been raised.

6          Is there any defendant who has been induced to waive

7 indictment by reason of any threat or promise?

8      (No hands raised.)

9          THE COURT:  No hands have been raised.

10         Is there any attorney present representing a

11 defendant who intends to plead to an information who sees any

12 reason why his or her client should not waive indictment?

13     (No hands raised.)

14         THE COURT:  No hands have been raised.

15         As to all defendants, is there any defendant who has

16 taken any drugs, medicine, pills, or consumed any alcoholic

17 beverages in the last 48 hours?

18     (No hands raised.)

19         THE COURT:  No hands have been raised.

20         Is there any defendant who does not understand what

21 is happening here today?

22     (No hands raised.)

23         THE COURT:  No hands have been raised.

24         Is there any defendant who needs or wishes to have

25 the indictment or information read to them for any reason?

1          (No hands raised.)

2               THE COURT:  No hands have been raised.

3               Is there any attorney representing a defendant who

4    has any doubt or question about their client's competence to

5    plead at this time?

6          (No hands raised.)

7               THE COURT:  No hands have been raised.

8               Is there any defendant who has not received a copy

9    of his or her indictment or information?

10         (No hands raised.)

11              THE COURT:  No hands have been raised.

12              Is there any defendant who has not discussed his or

13   her case with their attorney?

14         (No hands raised.)

15              THE COURT:  No hands have been raised.

16              Is there any defendant who is not completely and

17   fully satisfied with his or her attorney's services?

18         (No hands raised.)

19              THE COURT:  No hands have been raised.

20              Is there any defendant who has any questions about

21   their rights to a jury trial or the other rights pertinent to

22   a jury trial or the consequences of pleading guilty that I

23   have just explained?

24         (No hands raised.)

25              THE COURT:  No hands have been raised.

1    I've concluded explaining to each defendant their

2  right to a jury trial, other related rights and the Court will

3  now proceed to consider each matter on the calendar

4  individually.

5            **(Proceedings held in other matters.)**

6                      *     *     *

7            THE COURT:  The final matter on our docket today is

8  United States of America versus Toby Painter.  Case Number

9  2:19-CR-19.

10           I'd like to ask counsel to identify themselves for

11 the record beginning with counsel for the United States.

12           MR. PUGH:  Yes, Your Honor.  Jake Pugh on behalf of

13 the United States.

14           MS. SHEA:  Katherine Shea on behalf of Mr. Painter.

15           THE COURT:  Good afternoon, counsel.

16           At this time I'd ask the clerk to please place the

17 defendant under oath.

18        (The defendant, Toby Painter, was duly sworn.)

19           THE COURT:  Mr. Painter, do you understand that

20 because you've been placed under oath, your answers to my

21 questions are subject to the penalty of perjury or making a

22 false statement, and that you can be prosecuted if you do not

23 answer my questions truthfully?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Would you please state your name for the

1  record.

2        THE DEFENDANT:  Toby Painter.

3        THE COURT:  Mr. Painter, I have before me a form

4  labeled, "Consent to Proceed Before a United States Magistrate

5  Judge."  It appears to bear your signature.  Did you, in fact,

6  sign this form?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  The form reflects you consent to having

9  a United States Magistrate Judge conduct your plea proceedings

10  instead of a United States District Judge; is that correct?

11        THE DEFENDANT:  Yes, sir.

12        THE COURT:  The Court finds the defendant has

13  knowingly and voluntarily consented to having a United States

14  Magistrate Judge conduct his plea proceedings.

15        Mr. Painter, I'm going to ask you a few questions

16  today and talk to you a little bit more about your rights, and

17  then we'll go over the charges it appears you'll be pleading

18  guilty to, and we'll ask you how you plead.  And we'll go from

19  there, depending on the answer to the question about your

20  plea.

21        So would you please tell me how old you are.

22        THE DEFENDANT:  Thirty-two.

23        THE COURT:  How far did you go in school?

24        THE DEFENDANT:  I have my GED.

25        THE COURT:  And you're able to speak and understand

English?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Did you hear and understand the advice
of rights I went over with the defendants earlier today?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Did you hear and understand the
questions that I asked the defendants earlier today?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Ms. Shea, do you believe your client is
competent to enter a plea?

          MS. SHEA:  Yes, Your Honor.

          THE COURT:  Any concerns with the Government
regarding the defendant's competency?

          MR. PUGH:  No, Your Honor.

          THE COURT:  Let the record reflect that based on the
Court's questioning of the defendant and his counsel, the
answers from the defendant and his counsel and the Court's
observations of the defendant, the Court finds the defendant
is competent to enter a plea in this matter.

          Mr. Pugh, any crime victims in this case?

          MR. PUGH:  Yes, Your Honor.  The victim has been
notified, and she's not participating today.

          THE COURT:  Thank you.

          Now, Mr. Painter, you have the right to have the
indictment read to you in full, but you may waive that right

1 if you choose to do so. Would you like me to read the

2 indictment, or do you waive that right?

3          THE DEFENDANT: I waive it.

4          THE COURT: Thank you, sir.

5          Ms. Shea, do you anticipate that your client will be

6 pleading guilty to Count 5 of the indictment?

7          MS. SHEA: Yes, Your Honor.

8          THE COURT: So, Mr. Painter, what I'm going to do is

9 briefly review the nature of Count 5 and the maximum and the

10 minimum penalties associated with that count.

11          Count 5 charges you with enticement of a minor. The

12 minimum term of imprisonment for that offense is 10 years.

13 The maximum term of imprisonment is life. The minimum term of

14 supervised release is five years. The maximum term of

15 supervised release is life. The maximum term of imprisonment

16 upon supervised release -- the maximum term of imprisonment

17 upon revocation of supervised release is five years to life

18 imprisonment.

19          Upon revocation of supervised release, if you commit

20 a qualifying sex offense, otherwise not more than five years'

21 imprisonment upon revocation. The maximum fine would be

22 $250,000. You would need to pay restitution if ordered by the

23 Court, a 100-dollar special assessment, and an additional

24 special assessment pursuant to 18 U.S.C., Section 3014 of

25 $5,000.

1           Do you understand the nature of the charges against

2  you and the maximum and minimum penalties associated with that

3  charge?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  And do you understand all the other

6  consequences of pleading guilty that I have mentioned today?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Did you hear and understand earlier

9  today when I explained your right to a jury trial and the

10 rights associated with a jury trial?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand that if you plead

13 guilty and the Court accepts that plea, you'll be waiving

14 those trial rights?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Have you discussed with your attorney

17 the charge in the indictment to which you intend to plead

18 guilty?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And do you understand that charge?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that in order to be

23 found guilty if you were to go to trial, the Government would

24 have to prove you guilty beyond a reasonable doubt using

25 competent evidence?

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  And have you spoken with your attorney

3    about sentencing?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  The Court advises you that in

6    determining your sentence, the Court must calculate the

7    applicable advisory guideline range, consider any departure or

8    variance motions, and consider the other factors under 18

9    U.S.C., Section 3553 in arriving at your sentence.

10             The Court also advises you that any estimates you

11   receive from your attorney or anyone else about what your

12   sentence will be are only estimates, and they're not binding

13   on the Court.  It is the Court that retains the discretion to

14   impose the appropriate sentence on you.

15             The Court also advises you that any estimates from

16   your attorney or anyone else about what the advisory guideline

17   range will be or the outcome of any departure or variance

18   motions are only estimates, and they are not binding on the

19   Court.

20             Do you understand these facts associated with the

21   sentencing process?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Has anyone threatened you in any way in

24   order to get you to plead guilty?

25             THE DEFENDANT:  No, sir.
```

1          THE COURT:  Has anyone made you any promises or

2   assurances in order to get you to plead guilty?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Now, you've entered into a plea

5   agreement with the United States; is that correct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Ms. Shea, do you have a signed copy?

8          MS. SHEA:  Ours is not signed, Your Honor, but it is

9   identical.

10          THE COURT:  Mr. Painter, I have the original plea

11   agreement before me.  I've reviewed it.  On page 8, which is

12   the final page, it appears to bear your signature.  Did you,

13   in fact, sign the plea agreement?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Prior to signing the plea agreement, did

16   you read it and discuss all of its terms with your attorney?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Does the plea agreement contain the

19   entirety of any agreement that you have with the United States

20   about how to resolve your case?

21          THE DEFENDANT:  Say that again.

22          THE COURT:  Sure.  Does the plea agreement contain

23   the entire agreement you have with the United States about how

24   to resolve your case?

25          THE DEFENDANT:  Yes, sir.

1     THE COURT:  Do you understand each term in the plea

2 agreement?

3     THE DEFENDANT:  Yes, sir.

4     THE COURT:  Your plea agreement contains an

5 appellate waiver, and I want to review that with you.  It's on

6 the first page of the plea agreement in paragraph 2(c).

7     It provides as follows:  The defendant agrees to

8 waive knowingly and expressly the right to appeal the

9 conviction or whatever sentence is imposed on any ground,

10 including any appeal, pursuant to 18 U.S.C., Section 3742, and

11 further to waive any right to contest the conviction or the

12 sentence in any post-conviction proceeding, including any

13 proceeding under 28 U.S.C., Section 2255, excepting an appeal

14 or motion based upon grounds of ineffective assistance of

15 counsel or prosecutorial misconduct not known to the defendant

16 at the time of the defendant's guilty plea.

17     The foregoing appeal waiver does not constitute or

18 trigger a waiver by the United States of any of its rights to

19 appeal provided by law.

20     Do you understand the terms of that appeal waiver

21 and the rights you're giving up by entering into it?

22     THE DEFENDANT:  Yes, sir.

23     THE COURT:  With regard to sentencing, do you

24 understand that if you plead guilty and the Court accepts that

25 plea, the Court still has the ability to sentence you to the

1 maximum sentence allowed by law?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And do you understand that if the Court

4 did sentence you to the maximum sentence allowed by law, that

5 alone would not be a basis to withdraw your guilty plea?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that even at this

8 point, you still have the right to enter a not guilty plea and

9 persist in that plea?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that if you did enter

12 a not guilty plea, you would be entitled to a trial by jury

13 and enjoy all the trial rights I've discussed today?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand if you enter a guilty

16 plea, a trial will not be held, and you'll have waived all of

17 your trial rights?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Have you answered all of my questions

20 truthfully today?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  In a moment I'm going to ask you how you

23 plead to Count 5, but first I want to review Count 5 and its

24 elements.  It should be found on page 4 of the plea agreement.

25          Count 5, again, charges you with enticement of a

minor.  In your case, the elements of that offense are that beginning on or about December of 2017, and continuing through on or about January 20th, 2018, in the Eastern District of North Carolina, and elsewhere, you did knowingly use a facility or means of interstate commerce; namely, the internet, to persuade, induce, entice, and coerce an individual under the age of 18 to engage in sexual activity, you believed that the individual was less than 18 years of age, and you could have been charged with a criminal offense for engaging in the sexual activity; that is, under North Carolina law second degree sexual exploitation of a child, and under federal law, production of child pornography.

With respect to Count 5, Mr. Painter, how do you plead?

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty today of your own free will because you are, in fact, guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you commit the offense charged in the indictment?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Mr. Painter, you and your attorney may be seated.

Would the Government please summarize what it believes it would be able to show if this matter were to

1  proceed.

2          MR. PUGH:  Yes, Your Honor.

3          On January 22nd, 2018, a guidance counselor at a

4  school in West Carrollton, Ohio discovered from another

5  student that a 14-year-old girl, VL, had been in communication

6  and sending nude photos to an adult male.  The guidance

7  counselor informed VL's mother, who contacted the West

8  Carrollton Police Department.  On VL's phone, investigators

9  found chat history with someone labeled as daddy, included

10  nude photographs of VL.  VL provided the name Toby, and law

11  enforcement were able to identify the defendant, Toby Painter,

12  based on her Facebook contacts and photos exchanged on her

13  phone.

14          During an interview, VL stated that Painter sent her

15  a friend request through SnapChat in December of 2017.  He

16  also communicated through TextNow, an app which allows free

17  texting and chats through the internet.  She told him she was

18  14, and he told her that she [sic] was 29.  They initially

19  talked about common interests, but then the conversation

20  turned to sex.  She explained that Painter asked her to send

21  him nude photographs, and she sent him approximately 10 nude

22  photos of herself.  He responded by sending photos of his

23  penis.

24          Law enforcement downloaded the TextNow application

25  and retrieved VL's chat history with Painter.  On her phone's

media drive, they recovered roughly a dozen images of VL that
constituted child pornography, as well as three images that
appeared to depict Mr. Painter's penis. Local investigators
then referred the case to FBI.

FBI were able to confirm through administrative
subpoenas that the Facebook and TextNow accounts did belong to
Painter, and they linked his activity to an IP address of his
residence in Plymouth, North Carolina within this district.

They obtained the TextNow records showing
approximately 2,300 texts between Mr. Painter and VL. The
records do not include the photos, but they indicate where
photos had been attached. In using metadata timestamps and
the context, FBI was able to reassemble the conversations with
those in context.

As an example, on January 13th, 2018, Painter
encouraged VL to find an object to insert in her anus. They
discussed what object would be appropriate, and she eventually
sent him a text message containing a photo of herself exposing
her buttocks with what appeared to be a hairbrush inserted in
her anus. Similar conversations took place later in January,
and she did send images of herself that constituted child
pornography also on January 15th and on the 19th.

The conversation on January 17th is notable in that
VL receives a mirror selfie of Mr. Painter. She responds by
saying that she had been lying to her friends about his age,

and the next day she asked him.  He confirmed that his actual
name is Toby.  Their conversations end on January 20th, 2019.
On that day she receives additional texts from him that
depicts his penis.

       This conduct does constitute production of child
pornography under federal law as well as second degree sexual
exploitation under North Carolina law.

       THE COURT:  Thank you.

       Ms. Shea, any response to the Government's proffer?

       MS. SHEA:  No, Your Honor.

       THE COURT:  Mr. Painter, based upon the Government's
summary, your acknowledgment that you are, in fact, guilty as
charged in Count 5, your knowledge of your right to a trial,
your knowledge of the maximum and minimum penalties associated
with that charge, and because you're entering a voluntary
guilty plea, I will accept your guilty plea as to Count 5 and
enter a judgment of guilty based upon your plea.

       Let the record reflect that the Court is satisfied
and finds as fact that the plea was freely and voluntarily
entered by the defendant.  At the time it was entered, the
defendant was fully competent and had a full and complete
understanding of the nature of the charges against him and the
maximum and minimum penalties provided by law.  The plea is
supported by an independent factual basis containing each of
the essential elements of the offense charged.  Therefore, the

defendant's guilty plea is accepted by the Court, and he's
adjudged guilty on Count 5.

The Clerk of Court is directed to enter a not guilty
verdict as to all -- I'm sorry, not guilty plea as to all the
remaining counts.  The Court anticipates dismissing those
counts at sentencing.

The Court hereby conditionally approves the
memorandum of plea agreement.  This matter is set for
sentencing on November 2nd, 2020, here in Raleigh before Judge
Dever.

Immediately following the hearing, counsel for the
defendant shall contact the Probation Office to make
arrangements for the defendant's interview which should take
place at some point in the next three working days.  Counsel
may be with the defendant at the interview.

The Probation Office will prepare a written
presentence report to aid the Court in sentencing.
Mr. Painter and his counsel will have the right to review and
object to the contents of the presentence report prior to the
sentencing hearing.  At the sentencing hearing, Mr. Painter
and his attorney will be able to make statements, as will the
attorney for the Government, and any victims who wish to do
so.

Ms. Shea, it appears Mr. Painter is currently in
custody.  Is he seeking release pending sentencing?

1          MS. SHEA:  No.

2          THE COURT:  Anything further, Ms. Shea?

3          MS. SHEA:  No, Your Honor.

4          THE COURT:  Anything further from the Government?

5          MR. PUGH:  No, Your Honor.

6          THE COURT:  All right.  That concludes the

7    proceedings for Mr. Painter.  He's remanded into the custody

8    of the U.S. Marshals, and we'll be in recess until 9:30

9    tomorrow morning.

10                        *      *      *

11              (The proceedings concluded at 4:06 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA


CERTIFICATE OF OFFICIAL REPORTER


I, Amy M. Condon, CRR, RPR, CSR, Federal Official Court Reporter, in and for the United States District Court for the Eastern District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


Dated this 26th day of February, 2021.


_____
/s/ Amy M. Condon
Amy M. Condon, CRR, CSR, RPR
U.S. Official Court Reporter